UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASOUD KHAZALI,

    Plaintiff,

v.

JAMES L. ROBART,

    Defendant.

Case No. C17-1101 RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* on the Court's July 25, 2017, Order to Show Cause, Dkt. #7. *Pro Se* Plaintiff Masoud Khazali has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was posted on the docket on July 24, 2017. Dkt. #5. Summons have not yet been issued.

Plaintiff brings this action against the Honorable James. L. Robart, United States District Judge. *Id.* at 1. Plaintiff states that Judge Robart "acted unconstitutional [sic] by helping Kidnapping [sic] the child of the immigrant (and the U.S. citizen) Mr. Khazali," and that Judge Robart "supports and promotes such a crime act by promoting Christianity that confirms the act of the Kidnapping and slavery of immigrant children (in its book of Bible) and by working for the States that names its Capital, State, university, currency and stamp after the slave master (Washington) who supported the Kidnapping of immigrant children and the

ORDER OF DISMISSAL - 1

Slavery." *Id.* Plaintiff goes on to attack our nation's first president, George Washington, for crimes such as murdering French while serving as an English military officer and using "arms and explosives to fight the then current Government [during the American Revolution]; an act of terrorism." *Id.* at 1. Plaintiff alleges that Judge Robart "supports Kidnapping, child abuse, slavery, gender and racial inequality, and terrorism as long as his work place symbolizes Washington and names its capital after such a criminal and prints its currency in the name of such criminal terrorist…" *Id.* Plaintiff's views on George Washington and Christianity surface repeatedly and unexpectedly in the Complaint. Plaintiff appears to bring this lawsuit based on Judge Robart's denial of Plaintiff's motion for a stay in a prior or concurrent action. *See id.* at 3. Plaintiff argues that "judges should not be allowed to preside over the conflicts between a citizen and a State (Or the States)" and that "no court should oversee a conflict between a court and a citizen." *Id.* at 3-4.

Plaintiff includes the following attachments to his Complaint: "The Kidnap Loving State," which provides a sort of history of slavery in the United States; "The State of the Claim," which provides some procedural background, "The Tort of the Court," which appears at first glance to allege violations of the Constitution committed by various courts, but actually attempts to connect modern court procedures like asking witnesses to raise their right hand or hearing testimony from witnesses to ancient religious practices; "Life: the Live Connection through Space," which engages in a metaphysical discussion of "invisible energy" and "hidden life in light;" "The Immune Executioner," which discusses injury to the Plaintiff, including Plaintiff "los[ing] his mind," caused by the separation of Plaintiff from his child; "Prevention of Abuse," broadly discussing his claim; and "Valuing Property over Humanity," which accuses the Court of continuing historic practices of slavery. *See id.* at 5-18.

ORDER OF DISMISSAL - 2

On July 25, 2017, the Court issued an Order to Show Cause. Dkt. #7. That Order stated that the Complaint does not clearly identify what laws or statues Plaintiff believes give rise to a claim against Judge Robart, and that Plaintiff does not support his claims with specific facts presented in a clear and understandable manner. The Court found that "Plaintiff's allegations are extremely difficult to follow with unconnected facts and broad sweeping accusations of crime connected to unrelated historical events or possibly official court actions," and that "[i]t is unclear from the Complaint how the Court has subject matter jurisdiction, why Judge Robart would not be immune from suit, or even what relief Plaintiff is seeking." *Id*. The Court ordered Plaintiff to file a response within twenty-one days telling the Court "(1) the laws, statutes, or specific portions of the Constitution upon which his claims are based, (2) how Defendant violated those laws or statutes causing harm to Plaintiff, and (3) why this case should not be dismissed as frivolous." *Id*. The Court warned that failure to file a response would result in dismissal.

Plaintiff has failed to file a response answering the Court's questions. Instead, twenty-one days after the Court's Order to Show Cause, Plaintiff filed a Motion for Extension of Time. Dkt. #8. Pursuant to this Court's Local Rules, "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." LCR 7(j). "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id*. The Court has reviewed this Motion and finds it untimely. Plaintiff has failed to set forth a valid basis to grant the requested extension. Accordingly, it will be denied.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Considering all of the above, the Court finds that Plaintiff's Complaint fails to state a claim and is frivolous and malicious. Dismissal is therefore warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's Motion for Extension of Time (Dkt. #8) is DENIED.

2) Plaintiff's claims are DISMISSED.

3) This matter is CLOSED.

4) The Clerk shall send a copy of this Order to Plaintiff at 14324 32ND AVE NE, APT D, SEATTLE, WA 98125.

DATED this 17th day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4